## A. A. VANTINE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 17, 1907.)

No. 3,576.

1. CUSTOMS DUTIES—CLASSIFICATION—APPLIQUÉD GOODS—TEMPORARY CONDITION.

Fabrics to which tinsel cord has been attached by an appliqué process, resulting in goods which are fairly ornamental, durable, permanent, and salable, but not in the highest sense, are articles "appliquéd," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], though only 60 per cent. of the material imported was used in the form in which imported; the cord being removed from the remainder because the goods were more salable in that condition.

2. SAME—TEMPORARY CONDITION OF MERCHANDISE—SUBTERFUGE.

A collector of customs excluded goods which had been cheaply appliquéd from a tariff provision for "appliquéd" articles, on the ground that the appliqué feature was added to secure a lower rate of duty than would be applicable if they were imported plain. Held, that as the greater portion of the goods were sold in the condition in which imported, and the appliqué work was not done solely as a subterfuge to obtain the lower duty, they should have been classified as "appliquéd."

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,688 (T. D. 25,330), affirming the assessment of duty by the collector of customs at the port of New York.

The goods in controversy were described by the Board as follows: "This merchandise consists of woven fabrics of silk in the piece, boiled off, and having a cotton cord loosely wound with gilt paper sewed upon the fabric with a colored thread. These cords are doubled and run lengthwise of the fabric at distances varying from about 6 to 18 inches apart, and are looped in loops of a variety of shapes and sizes at irregular intervals of from 9 to 12 inches, without design or the least semblance of regularity."

The Board found that these materials had been temporarily put in the appliquéd form for the purpose of making them subject to a duty lower than that to which they would be liable if classified as silk fabrics, and that they were not in "a permanent condition either of their manufacture or sale," and held that "the dutiable character of merchandise is determined by its form when made up into a completed article, and not as it may appear by reason of changes made thereafter, effecting a temporary condition during importation in order to avoid duties imposed by law."

D. Macon Webster, for importers.

J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question was assessed for duty as woven fabrics of silk, boiled off, at the rate of $3 per pound, under the provisions of paragraph 387 of the tariff act of July 24, 1897, c. 11, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669], and is claimed properly dutiable at the rate of 60 per cent. ad valorem, either directly or by similitude, by virtue of section 7, as "articles appliquéd, made of silk or of which silk is the component material of chief value, not specially provided for" under the provisions of paragraph 390 of said act. The protest sets forth other claims, none of which were insisted upon at the trial. The Board of General Appraisers overruled the protest and sustained the assessment of duty by the collector. The importer appeals to this court.

In 1902 the same Board, in G. A. 5,202 (T. D. 23,977), found the same merchandise to be appliquéd. Now, upon further consideration, it has reached the opposite conclusion. If the tinsel cord which appears on the silk were a flimsy, impracticable, useless appliance, and had been put upon the silk after manufacture solely as a subterfuge, to be stripped off after the merchandise had been safely lodged in the control of the importer, the decision of the Board would commend itself to my judgment. The evidence before the Board, coupled with that taken in court, does not bring my mind to such a conclusion.

The merchandise as imported may not be in the highest sense ornamental, durable, permanent, and salable. It is, however, fairly so; and in those respects only differs from Exhibit 20 in suit, concededly an appliquéd article, in degree, if it differs at all. The testimony shows that 60 per cent. of the importation was used as it came, and that the cord was removed from the balance because in that condition it found a readier sale in the market. As between plain silk, boiled off, and silk appliquéd, it deserves the latter classification.

The decision of the Board of General Appraisers is reversed.